IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF CENTRAL LABORERS' )
PENSION, WELFARE & ANNUITY FUNDS, )
)
    Plaintiffs, )
)
vs. )   Case No. 14-23-JPG/SCW
)
FOURNIE CONTRACTING COMPANY, INC., )
)
    Defendant. )

# COMPLAINT

## COUNT I

NOW COMES the Plaintiff, the TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, hereinafter referred to as "Funds" by their attorneys, PATCHETT LAW OFFICE, and complains of the Defendant, FOURNIE CONTRACTING COMPANY, INC., as follows:

1. This action arises under Secs. 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. Secs. 1132 and 1145), and the Court has jurisdiction over the subject matter of the Plaintiff's claims pursuant thereto.

2. The Plaintiff, Funds, is administered pursuant to the terms and provisions of the Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and other applicable state and federal laws. The address and place of business of the Plaintiff, Funds, is P.O. Box 1246, Jacksonville, Illinois, 62651.

3. The Defendant is an employer engaged in an industry affecting commerce, who employs or has employed individuals in the appropriate unit of

laborers', the majority of which are members of and are represented by laborers' locals affiliated with the Funds, and the Defendant employer agreed to provide participation in the Funds in order to obtain health and welfare benefits for the employees represented by locals affiliated with the Funds.  The Defendant's address is 112 Frank Scott Parkway East, Belleville, IL 62226.

4.	The Defendant is obligated to submit contributions to the Plaintiff, Funds, pursuant to the terms of the Agreements attached hereto as Exhibits "1", "2", "3", "4", and "5".

5.	Notwithstanding the foregoing, the Defendant has breached its obligations to the Plaintiff in that the Defendant has failed to pay fringe benefits as required by exhibits attached to this Complaint and by the terms of said agreements, and the Defendant has failed to submit timely and accurate contributions thereunder.

6.	Plaintiff has requested that Defendant fully perform its obligations, but the Defendant has failed and refused to perform as alleged herein.

7.	The Defendant is indebted to Plaintiff in the amount of **Twenty Three Dollars and Seven Cents ($23.07)** representing delinquent contributions.

8.	The Defendant is indebted to Plaintiff in the amount of **Four Thousand Seven Hundred Fifty One Dollars and Forty Cents ($4,751.40)** representing liquidated damages.

9.	Pursuant to the aforementioned Agreements, the Defendant is liable for reasonable attorney's fees, court costs, audit costs, liquidated damages and other reasonable expenses incurred by the Funds in connection with the Collection of

delinquent contributions.

WHEREFORE, the Plaintiff prays:

A.     That Judgment be entered in favor of the Plaintiff and against the Defendant in the amount of **Four Thousand Seven Hundred Seventy Four Dollars and Forty Seven Cents ($4,774.47)** representing **Twenty Three Dollars and Seven Cents ($23.07)** in delinquent contributions and **Four Thousand Seven Hundred Fifty One Dollars and Forty Cents ($4,751.40)** in liquidated damages.

B.     That the Defendant be decreed to pay to the Plaintiff, Funds, its reasonable attorney's fees and court costs as provided by 29 U.S.C. Sec. 1132(g)(2); and the aforementioned Agreements.

C.     Plaintiff have such other and further relief as the Court may deem just and equitable all at Defendant's cost.

## COUNT II

NOW COME the Plaintiffs, TRUSTEES OF THE CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, hereafter referred to as "FUNDS", by their attorneys, PATCHETT LAW OFFICE, and complains of the Defendant, FOURNIE CONTRACTING COMPANY, INC., as follows:

1.     This action arises under Secs. 502 and 515 of the Employee Retirement Income Security act of 1974, as amended (29 U.S.C. Secs. 1132 and 1145), and the Court has jurisdiction over the subject matter of the claims pursuant thereto.

2.     The Funds are administered pursuant to the terms and provisions of the Declarations of Trust creating said Funds and are required to be maintained and

administered in accordance with the provisions of the Labor Management Relations Act of 1947, and other applicable state and federal laws. The address and place of business of the Funds are P.O. Box 1246, Jacksonville, Illinois, 62651.

3.  The Defendant is an employer engaged in an industry affecting commerce, who employs or has employed individuals in the appropriate unit of laborers', the majority of which are members of and are represented by laborers' locals affiliated with the Funds, and the Defendant employer agreed to provide participation in the Funds in order to obtain health and welfare benefits for the employees represented by locals affiliated with the Funds. The Defendant's address is 112 Frank Scott Parkway East, Belleville, IL 62226.

4.  The Defendant is obligated to submit contributions to the Funds pursuant to the terms of the Agreements attached hereto as Exhibits "1", "2", "3", "4", and "5".

5.  The Defendant has also agreed to be bound to the Agreement and Declarations of Trust governing the administration of said Funds by virtue of the Defendant's execution of the above stated Agreements. Pursuant to the provisions contained therein, the Funds' representatives are authorized to conduct an audit upon the payroll books and records of a participating employer in order to determine whether such employer is fulfilling all of its obligations to the Funds.

6.  Notwithstanding the foregoing, the Defendant has breached its obligations to the Funds, in that the Defendant has failed to allow the Funds' representatives to conduct an audit of the payroll books and records as required by the terms of the aforementioned Agreements.

7.  The Funds have requested that Defendant fully perform its obligations,

but the Defendant has failed and refused to perform as alleged herein.

8.  Pursuant to the aforementioned Agreement, the Defendant is liable for reasonable attorney's fees and court costs and all other reasonable expenses incurred by the Funds.

WHEREFORE, the Funds pray:

A.  That the Defendant be required to comply with an up-to-date audit of its books.

B.  The Funds have such other and further relief as the Court may deem just and equitable all at Defendant's cost.

Respectfully submitted,
s/ John R. (Randy) Patchett
104 West Calvert Street
P.O. Box 1176
Marion, IL 62959
Tele:  618-997-1984
Fax:   618-998-1495
E-Mail: patchettlawoffice@frontier.com
ARDC No. 02151677